IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANGELA MORENO                        §
                                     §
                                     §
                    Plaintiff,       §
                                     §
V.                                   §           CIVIL ACTION NO. _____
                                     §
KROGER TEXAS, L.P. AND               §
TERRANCE JOHNSON                     §
                                     §
                    Defendants.      §

**INDEX OF MATTERS BEING FILED WITH NOTICE OF REMOVAL**

Pursuant to Local Rule 81, Defendant Kroger Texas L.P. submits and attaches to the

following Index of Matters being filed with its Notice of Removal:

1. Plaintiff's Original Petition, attached hereto as Exhibit A;

2. Return of Service and other documents related to executed process in the case, attached hereto, collectively, as Exhibit B;

3. Terrance Gerard Johnson's Original Answer, attached hereto as Exhibit C

4. A copy of the State Court Docket Sheet, attached hereto as Exhibit D;

5. Federal Court Civil Cover Sheet, attached hereto as Exhibit E;

6. Affidavit of Michael Marino, attached hereto as Exhibit F; and

7. Defendant's Certificate of Interested Parties, attached hereto as Exhibit G.

Respectfully submitted,

By:

*/s/ David L. Barron*

David L. Barron
Texas Bar No. 00798051
Southern District of Texas Bar No. 21117
dbarron@cozen.com
Nandini Kavuri
Texas Bar No. 24086821
Southern District of Texas Bar No. 2516207
nkavuri@cozen.com
COZEN O'CONNOR, P.C.
1221 McKinney, Suite 2900
Houston, Texas 77010
Telephone: (713) 750-3132
Facsimile: (832) 214-3905

**COUNSEL FOR DEFENDANT KROGER TEXAS, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via ECF on this 5th day of January 2018 to all parties and/or counsel of record as follows:

Ahmad G. Azam
State Bar No. 24071775
Fed. I.D. No. 2147846
Joseph Ward
State Bar No. 24090460
AZAM, WARD & SULLIVAN, PLLC
9894 Bissonnet Street, Suite 905
Houston, Texas 77036
Telephone: (713) 325-3221
Facsimile: (281) 980-0911

Robert J. Filteau
State Bar No. 06997300
Fed. I.D. No. 3540
John A. Sullivan, III
State Bar No. 19483500
THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD, LLP
9894 Bissonnet Street, Suite 865
Houston, Texas 77036
Telephone: (713) 236-1400
Facsimile: (713) 236-1706

**COUNSEL FOR PLAINTIFF ANGELA MORENO**

Terrance Gerrard Johnson
9505 Ashville Drive
Houston, Texas 77051
Telephone: (713) 748-8058

**PRO SE DEFENDANT**

/s/ David L. Barron
David L. Barron

# EXHIBIT A

## 2017-80841 / Court: 295

12/5/2017 12:28 PM
Chris Daniel - District Clerk Harris County
Envelope No. 21086923
By: Walter Eldridge
Filed: 12/5/2017 12:28 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ANGELA MORENO, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| KROGER TEXAS, L.P. and TERRANCE | § | |
| JOHNSON | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

NOW COMES Plaintiff, Angela Moreno, ("Plaintiff") and files her original petition against Defendants, Kroger Texas L.P. ("Kroger"), and Terrance Johnson, Individually ("Johnson"), and for cause of action would show as follows:

### I.

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.

### II.

### RELIEF

2.    Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. T.R.C.P. 47(c)(4).

## III.

## PARTIES

3.    Plaintiff, Angela Moreno, is a resident of Houston, Harris County, Texas.

4.    Kroger Texas L.P. is a foreign limited partnership. This Defendant may be served with process by serving its registered agent for service of process in Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, TX. 78701-3218.

5.    Defendant, Terrance Johnson, is a resident of the state of Texas. Terrance Johnson can be served with process at 9505 Ashville Drive, Houston, Texas 77051; or wherever he may be found.

6.    Whenever in this petition it is alleged that Defendants committed any act or omission, is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV.

## JURISDICTION AND VENUE

7.    Venue for this lawsuit is proper in Harris County, Texas, pursuant to Tex.Civ. Prac. & Rem. Code §15.002, as all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Harris County, Texas.

8.    Jurisdiction of this case in the District Court is appropriate because it is a court of general jurisdiction. Gov't Code §24.008.

2

9.    All jurisdictional prerequisites and conditions precedent have been performed, have occurred, have been excused or have been waived.  Defendant Kroger employed more than fifteen employees at all times relevant to this action.  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and received a Notice of Right to File a Civil Action dated September 25, 2017.  A copy of the Notice of Right to File a Civil Action is attached as Exhibit "A".  This action is filed within ninety (90) days after receipt by Plaintiff of the Notice of Right to File a Civil Action.

V.

FACTS

10.    Plaintiff began working for Defendant Kroger on May 15, 2009, and through hard work and dedication, she became a deli manager at Kroger store #179 in August, 2015.

11.    On or about March 7, 2016, Plaintiff was subjected to unwelcomed and inappropriate physical touching and sexually explicit comments by a coworker, Defendant Terrance Johnson, that were directed at Plaintiff because of her gender.  Johnson physically assaulted and grabbed Plaintiff, told her to give him a hug and kiss, and proceeded to hug and kiss her without her permission.  Plaintiff immediately informed Johnson that his behavior was unwelcome, unacceptable, and offensive.

12.    Approximately three weeks after the first incident, on March 25, 2016, this same coworker once again made inappropriate sexual remarks, asking Plaintiff when she was going to allow him to run her bath water and cook for him.  Plaintiff once again informed Johnson that his remarks were not welcomed and were offensive.  Her coworker replied that he would drink her bath water.  Plaintiff became alarmed at her coworker's sexual advances, and his refusal to heed her previous admonition to him that his actions and comments were offensive.

3

13.     The next day, March 26, 2016, Plaintiff complained to Kroger's merchandising co-manager and reported her coworker's unwelcomed and sexually offensive behavior and comments. Plaintiff followed up two days later in writing with a complaint to the store manager and the human resources manager for Kroger.

14.     When Plaintiff became dissatisfied with the response of the store manager and HR manager to her complaint, she followed the policy outlined in Kroger's employee handbook and contacted the Kroger hotline. She also sought medical treatment due to her difficulty in dealing with the trauma and emotional pain caused by the entire episode.

15.     On April 12, 2016, the HR manager informed Plaintiff that her work hours would be changed until her coworker was transferred, victimizing her once again for complying with Kroger's policy of bringing sexual harassment to the attention of management.

16.     Upon the advice of her doctor Plaintiff began an authorized Family Medical Leave Act ("FMLA") leave of absence on July 2, 2016. Leave under the FMLA was authorized and approved by the Defendant's store manager. Plaintiff returned to work on August 2, 2016 and worked through August 6, 2016, without incident. Upon returning to her home following work on August 6, 2016, Plaintiff received a letter from Kroger dated August 3, 2016 stating that "we have concluded our investigation of your suspension. Based on the information discovered pursuant to our investigation, we have decided to terminate your employment with Kroger Texas L.P. effective August 3, 2016. You are being terminated for just cause."

17.     Prior to the receipt of Kroger's August 3 letter, Plaintiff had no idea that she had been suspended, or that Kroger was dissatisfied with any aspect of her work performance. In fact, in April, 2016, her year-end review was conducted by her supervisor, who rated her overall performance as "exceeds expectations."

4

18.    Plaintiff immediately applied for unemployment compensation benefits which were resisted by Kroger. In an opinion by the Texas Workforce Commission Appeal Tribunal of October 11, 2016, the tribunal ruled that "prior to her discharge, the claimant had never been told that her job was in jeopardy or that she was under investigation." The Tribunal concluded that "the evidence establishes that the claimant in this case was separated from the last work with this employer when she was terminated by the employer. The evidence indicates that the claimant had never been informed that her job was in jeopardy. The evidence establishes that the claimant was fired without warning or explanation. This Appeal Tribunal finds that the evidence is insufficient to substantiate a finding of misconduct connected with the work on the claimant's part. Therefore, the Claimant will be approved for benefits under Section 207.044 of the Act."

19.    Kroger's reasons for Plaintiff's termination were untrue. Defendant Kroger did not have any legitimate, non-discriminatory reasons for terminating Plaintiff. During Plaintiff's employment with Defendant, Plaintiff was never given any documented verbal or written reprimand, warning or disciplinary action concerning Plaintiff's job performance. Plaintiff was retaliated against, and ultimately terminated for complaining about sexual harassment, refusing advances from her coworker and other protected acts, including taking an authorized leave of absence pursuant to the FMLA.

### Discrimination on the Basis of Sex

20.    Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully rewritten herein.

21.    By the above-described acts, Defendants discriminated against Plaintiff because of her sex, female, by discriminating against her with respect to the terms, conditions and privileges of her employment through denial of her employment rights, benefits, promotions and

achievement, including termination of her employment, all in violation of the Texas Labor Code and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000, *et seq.*

22.     Defendant failed to follow its policy against sexual harassment while Plaintiff worked for Defendant. At all relevant times, Plaintiff was qualified for her job at Kroger. The Defendant acted with malice, or in the alternative, with reckless indifference to the state- and federally-protected rights of Plaintiff.

23.     As a result of Defendant's discriminatory actions, Plaintiff has suffered a loss of wages and benefits, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability will continue to suffer loss of enjoyment of life in the future.

Retaliation

24.     Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully rewritten herein.

25.     After Plaintiff complained about the sexual harassment she suffered at the hands of her coworker, Defendant engaged in activities, including but not limited to, Plaintiff's termination, in retaliation for those complaints in violation of Title VII and the Texas Labor Code.

26.     Plaintiff was protected under the FMLA as an employee with a serious medical condition that left her unable to perform the functions of her job. 29 U.S.C. §§2612(a)(1), 2614 (a)(1). After Plaintiff returned from her approved FMLA leave, Defendant engaged in activities, including but not limited to, Plaintiff's termination, in retaliation for her taking approved FMLA leave.

6

27.    As a result of Defendant's retaliatory actions, Plaintiff has suffered a loss of wages and benefits, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability will continue to suffer loss of enjoyment of life in the future. Accordingly, Plaintiff seeks reinstatement of her position with full seniority and restoration of benefits, together with back pay, front pay, lost benefits, interest, attorney's fees and expenses. Plaintiff also seeks an additional amount as liquidated damages equal to the sum of her lost wages and interest as provided by 29 U.S.C. §2617(a)(1)(A)(iii).

### Sexual Harassment

28.    Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully rewritten herein.

29.    The continued harassment of Plaintiff by her coworker, despite competent and diligent performance by the Plaintiff, constitutes sex discrimination in violation of Title VII and the Texas Labor Code, §21.001, *et seq.*

30.    The harassment suffered by Plaintiff was sufficiently pervasive to alter the conditions of her employment and create a working environment which was intimidating, insulting, and abusive to a reasonable person in Plaintiff's position. Defendant's acts and omissions constituted a tangible job detriment as that term is known under well-established federal and state case law. Defendant's acts and omissions constituted an offensive work environment as that term is known under well-established federal and state case law. Defendant failed to exercise reasonable care to prevent and correct promptly any sexual harassment. Although Plaintiff made reasonable attempts to discourage and stop the sexual harassment, defendant lacked preventive or corrective opportunities provided by the Defendant for Plaintiff

to attempt to deal with the sexual harassment. If Defendant had a sexual harassment policy in place at the time of Plaintiff's employment with Defendant, Defendant failed to disseminate its policy against sexual harassment to all respective employees.

31.    After the Defendant was notified of the above-mentioned sexual harassment, Defendant took no immediate action to protect the Plaintiff. At the time of Plaintiff's employment with Defendant, Defendant lacked a sexual harassment prevention system, including policies, procedures, or employee training programs.

32.    Defendant acted with malice or, in the alternative, with reckless indifference to the statutorily protected rights of Plaintiff.

33.    As a result of Defendant's actions in violation of Title VII and the Texas Labor Code, Plaintiff has suffered a loss of wages and benefits, both in the past and future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past and in all probability will continue to suffer loss of enjoyment of life in the future.

### Hostile Work Environment

34.    Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully rewritten herein.

35.    Plaintiff was subjected to a hostile work environment. The conduct of Defendant and its coworker created an environment that a reasonable person would find hostile and abusive. The sexual harassment was pervasive and severe and altered the conditions of Plaintiff's employment and created an abusive working environment.

36.    Defendant Kroger knew of the sexual harassment. Nevertheless, Defendant Kroger failed to take prompt remedial action and is thus liable for the sexual harassment. Each Defendant is also liable for intentional infliction of emotional distress.

8

37.    As a result of Defendants' actions in violation of Title VII and the Texas Labor Code, Plaintiff has suffered loss of wages and benefits, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability will continue to suffer loss of enjoyment of life in the future.

### Assault by Offensive Physical Contact

38.    Defendant, Terrance Johnson, made offensive physical contact with Plaintiff's person on March 7, 2016 when he intentionally and knowingly proceeded to hug and kiss her without her permission.   Johnson knew or reasonably should have believed that the Plaintiff would regard the physical contact as offensive and provocative.

39.    Defendant Johnson caused injury to the Plaintiff and his actions in making offensive physical contact caused the plaintiff to suffer mental anguish.

### Damages

40.    Plaintiff has lost compensation and benefits, for which she seeks back pay.

41.    In addition, Plaintiff demands front pay, including but not limited to any and all future lost pay and benefits.

42.    Plaintiff is entitled to reinstatement of her position with full seniority and restoration of benefits, as well as liquidated damages.

43.    Plaintiff also has suffered emotional distress and mental anguish as a result of Defendant's conduct and seeks remuneration for same.

44.    Plaintiff further seeks punitive and/or compensatory damages for Defendant's willful, malicious, intentional, and/or reckless discrimination, violation of Title VII and the Texas Labor Code, and for the intentional, knowing harm caused by the offensive physical contact.

9

45.     Plaintiff demands attorney's fees, expert witness fees, prejudgment and post-judgment interest, and costs of court as allowed under Title VII, the Texas Labor Code and the laws of the state of Texas.

### Attorney's fees

46.     As a result of the acts and omissions of Defendants, as specifically set forth herein, it was necessary for Plaintiff to secure counsel to present and prosecute this matter on her behalf.

47.     Plaintiff has retained the services of the undersigned counsel of record and accordingly, Plaintiff sues for reasonable attorney's fees as provided under Title VII, the Texas Labor Code, and other relevant statutes.

### Jury Demand

48.     Plaintiff requests a trial by jury on all issues triable by jury in this case.

### Request for Disclosure

49.     Under T.R.C.P. 194, Plaintiff requests that Defendants disclose, within fifty days of the service of this request, the information or material described in Rule 194.2.

### Objection to Associate Judge

50.     Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## Prayer

51.    For these reasons, Plaintiff asks that the court issue citation for Defendants to appear and answer and that Plaintiff be awarded a judgment against Defendants for the following:

a.    Actual damages, including back pay and reimbursement for lost insurance and all other benefits;

b.    Front pay, including benefits;

c.    Past emotional pain, mental anguish, suffering, inconvenience, and loss of enjoyment of life;

d.    Future emotional pain, mental anguish, suffering, inconvenience, and loss of enjoyment of life;

e.    Compensatory damages in the past;

f.    Compensatory damages in the future;

g.    Reinstatement and liquidated damages under the FMLA.

h.    Exemplary damages;

i.    Attorney's fees;

j.    Expert witness fees;

k.    Expenses and costs of court; and

l.    Such other relief, at law or in equity, general and special, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

AZAM, WARD & SULLIVAN, PLLC


/s/Ahmad G. Azam
Ahmad G. Azam
State Bar No.  24071775
Fed. I.D. No. 2147846
Joseph Ward
State Bar No. 24090460
9894 Bissonnet Street, Suite 905
Houston, Texas 77036
(713) 325-3221 Telephone
(281) 980-0911 Facsimile


THE LAW OFFICES OF FILTEAU &
SULLIVAN, LTD, LLP.

/s/Robert J. Filteau
Robert J. Filteau
State Bar No. 06997300
Fed. I.D. No. 3540
John A Sullivan, III
State Bar No. 19483500
Fed. I.D. No. 1398
9894 Bissonnet Street, Suite 865
Houston, Texas 77036
(713) 236-1400 (Telephone)
(713) 236-1706 (Facsimile)


**ATTORNEYS FOR PLAINTIFF,**
**ANGELA MORENO**

12

EEOC Form 161-B (11/16)

U.S. ___AL EMPLOYMENT OPPORTUNITY COMM___ON

**2017-80841 / Court: 295**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Angela Moreno<br>7610 Sunburst Trail Dr.<br>Cypress, TX 77433 | From: Houston District Office<br>Mickey Leland Building<br>1919 Smith Street, 7th Floor<br>Houston, TX 77002 |

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2016-04190 | Patricia Palacios Ware,<br>Investigator | (713) 651-4955 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Rayford O. Irvin,
District Director

9-25 2017
*(Date Mailed)*

Enclosures(s)

cc: Harold E. Park, Labor Relations Manager
KROGER TEXAS LP
19245 David Memorial Dr.
Shenandoah, TX 77385

Lowell Keig, Director
TWC - CIVIL RIGHTS DIV.
101 East 15th Street, Room 144-T
Austin TX 78778-0001

Joseph H. Ward
AZAM, WARD & SULLIVAN
6804 Bissonnet, Ste. 305
Houston, TX 77036

PLAINTIFF'S
EXHIBIT
A

# EXHIBIT B

*Delivered*
*12/12/17*

CAUSE NO. 201780841

RECEIPT NO.                    0.00        CIV
         **********                    TR # 73442105

PLAINTIFF: MORENO, ANGELA                In The  295th
         vs.                             Judicial District Court
DEFENDANT: KROGER TEXAS L P              of Harris County, Texas
                                         295TH DISTRICT COURT
                                         Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: KROGER TEXAS L P MAY BE SERVED BY SERVING ITS REGISTERED AGENT
    CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE
    COMPANY
    211  E 7H ST SUITE 620   AUSTIN  TX  78701 - 3218
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 5th day of December, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 6th day of December, 2017, under my hand and
seal of said Court.

Issued at request of:                    CHRIS DANIEL, District Clerk
AZAM, AHMAD GASSAN                       Harris County, Texas
9894  BISSONNET STE 905                  201 Caroline, Houston, Texas 77002
HOUSTON, TX  77036                       (P.O. Box 4651, Houston, Texas 77210)
Tel: (832) 674-0879
Bar No.: 24071775                        Generated By: SOLIS, ADILIANI A.  4BH//10836358

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                         _____

                                         _____ of _____County, Texas

                                         By _____
_____
         Affiant                                  Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                         _____
                                                  Notary Public

H.INT.CITR.P                    *73442105*

Office of Harris County District Clerk - Chris Daniel

**HCDistrictclerk.com**    MORENO, ANGELA vs. KROGER TEXAS L P    1/5/2018
Cause: 201780841    CDI: 7    Court: 295

## NOTICES
No Notices found.

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | KROGER TEXAS L P MAY BE SERVED BY SERVING ITS REGISTERED AGENT | 12/5/2017 | 12/6/2017 | 12/12/2017 | | | 73442105 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| | 211 E 7H ST SUITE 620 AUSTIN TX 78701 | | | | | | | | | |
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | JOHNSON, TERRANCE | 12/5/2017 | 12/6/2017 | 12/12/2017 | | | 73442126 | CIV AGCY-CIVILIAN SERVICE AGENCY |

# EXHIBIT C

FILED
Chris Daniel
District Clerk

DEC 18 2017

Time: _____ 3:110 pm
Harris County, Texas

By _____
Deputy

Cause NO. 201780841

In The District Court of
Harris County, Texas

_____

VS.

TERRANCE C JOHNSON

295th Judicial District

Defendant's Original Answer

My NAMe IS TeRRANCe Gerard JoHNSON
Someone put A Case ON me AT A KROGER/1p
Texas. I NeveR WORK AT A KROGER 11p
I don't KNOW THe person. AT All

Birth 06-03-1964

Terran Johnson

713-748-8058

Unofficial Copy Office of Chris Daniel District Clerk

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

# EXHIBIT D

Office of Harris County District Clerk - Chris Daniel

**HCDistrictclerk.com**     MORENO, ANGELA vs. KROGER TEXAS L P          1/5/2018
Cause: 201780841     CDI: 7     Court: 295

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 77989303 | Citation | | 12/20/2017 | 2 |
| 77989304 | Affidavit | | 12/20/2017 | 2 |
| 77858379 | Defendants Original Answer | | 12/18/2017 | 1 |
| 77748406 | Civil Process Pick-Up Form | | 12/06/2017 | 1 |
| 77675250 | Plaintiffs Original Petition | | 12/05/2017 | 12 |
| -> 77675252 | Civil Case Information Sheet | | 12/05/2017 | 1 |
| -> 77675253 | Civil Process Request | | 12/05/2017 | 2 |
| -> 77675251 | Exhibit A | | 12/05/2017 | 1 |

Chris Daniel - District Clerk
Harris County
Envelope No: 21086923
By: ELDRIDGE, WALTER F
Filed: 12/5/2017 12:28:28 PM

**2017-80841 / Court: 295**

CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): _____    COURT (FOR CLERK USE ONLY): _____

STYLED **ANGELA MORENO** vs. **KROGER Texas L.P and Terrance Johnson**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Ahmad G. Azam  **Email:** info@awsplic.com | **Plaintiff(s)/Petitioner(s):** ANGELA MORENO | ☒ Attorney for Plaintiff/Petitioner  ☐ Pro Se Plaintiff/Petitioner  ☐ Title IV-D Agency  ☐ Other: |
| **Address:** 9894 Bissonnet #905  **Telephone:** (832) 674-0879 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** Houston, Tx 77036  **Fax:** (832) 203-4477 | **Defendant(s)/Respondent(s):** Kroger Texas L.P. and Terrance Johnson | Custodial Parent:  Non-Custodial Parent: |
| **Signature:**  **State Bar No:** 24071775 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type or identify the most important issue in the case (select only 1):**

| Civil | | | | Family Law |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-Title IV-D)** |
| *Debt/Contract*  ☐ Consumer/DTPA  ☐ Debt/Contract  ☐ Fraud/Misrepresentation  ☐ Other Debt/Contract: | ☐ Assault/Battery  ☐ Construction  ☐ Defamation  *Malpractice*  ☐ Accounting  ☐ Legal  ☐ Medical  ☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation  ☐ Partition  ☐ Quiet Title  ☐ Trespass to Try Title  ☐ Other Property: | ☐ Annulment  ☐ Declare Marriage Void  *Divorce*  ☐ With Children  ☐ No Children | ☐ Enforcement  ☐ Modification—Custody  ☐ Modification—Other |
| *Foreclosure*  ☐ Home Equity—Expedited  ☐ Other Foreclosure  ☐ Franchise  ☐ Insurance  ☐ Landlord/Tenant  ☐ Non-Competition  ☐ Partnership  ☐ Other Contract: | ☐ Motor Vehicle Accident  ☐ Premises  *Product Liability*  ☒ Asbestos/Silica  ☐ Other Product Liability  List Product:  _____  ☐ Other Injury or Damage: | **Related to Criminal Matters**  ☐ Expunction  ☐ Judgment Nisi  ☐ Non-Disclosure  ☐ Seizure/Forfeiture  ☐ Writ of Habeas Corpus— Pre-indictment  ☐ Other: | **Title IV-D**  ☐ Enforcement/Modification  ☐ Paternity  ☐ Reciprocals (UIFSA)  ☐ Support Order |
| | | | **Other Family Law**  ☐ Enforce Foreign Judgment  ☐ Habeas Corpus  ☐ Name Change  ☐ Protective Order  ☐ Removal of Disabilities of Minority  ☐ Other: | **Parent-Child Relationship**  ☐ Adoption/Adoption with Termination  ☐ Child Protection  ☐ Child Support  ☐ Custody or Visitation  ☐ Gestational Parenting  ☐ Grandparent Access  ☐ Parentage/Paternity  ☐ Termination of Parental Rights  ☐ Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☐ Discrimination  ☐ Retaliation  ☐ Termination  ☐ Workers' Compensation  ☒ Other Employment:  Sexual Harassment | ☐ Administrative Appeal  ☐ Antitrust/Unfair Competition  ☐ Code Violations  ☐ Foreign Judgment  ☐ Intellectual Property | ☐ Lawyer Discipline  ☐ Perpetuate Testimony  ☐ Securities/Stock  ☐ Tortious Interference  ☐ Other: | | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal  ☐ Tax Delinquency  ☐ Other Tax | *Probate/Wills/Intestate Administration*  ☐ Dependent Administration  ☐ Independent Administration  ☐ Other Estate Proceedings | ☐ Guardianship—Adult  ☐ Guardianship—Minor  ☐ Mental Health  ☐ Other: |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court  ☐ Arbitration-related  ☐ Attachment  ☐ Bill of Review  ☐ Certiorari  ☐ Class Action | ☐ Declaratory Judgment  ☐ Garnishment  ☐ Interpleader  ☐ License  ☐ Mandamus  ☐ Post-Judgment | ☐ Prejudgment Remedy  ☐ Protective Order  ☐ Receiver  ☐ Sequestration  ☐ Temporary Restraining Order/Injunction  ☐ Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees  
☐ Less than $100,000 and non-monetary relief  
☐ Over $100,000 but not more than $200,000  
☒ Over $200,000 but not more than $1,000,000  
☐ Over $1,000,000

# EXHIBIT E

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Angela Moreno

## DEFENDANTS

Kroger Texas, L.P. and Terrance Johnson

**(b)** County of Residence of First Listed Plaintiff    Harris
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Hamilton
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ahmad G. Azam and Joseph Ward, Azam Ward & Sullivan, PLLC, 9894 Bissonnet, Suite 905, Houston, Texas 77036, (713) 325-3221 Robert Filteau & John A. Sullivan, III, (713) 236-1400

Attorneys *(If Known)*
David Barron and Nandini Kavuri, Cozen O'Connor, P.C., 1221 McKinney Street, Suite 2900, Houston, Texas 77010, (713) 750-3132

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332 and 1441

Brief description of cause:
Removal of employment discrimination lawsuit based on federal question and diversity jurisdiction

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $    CHECK YES only if demanded in complaint:

JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE    DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANGELA MORENO                          §
                                       §
                                       §
              Plaintiff,               §
                                       §
V.                                     §          CIVIL ACTION NO. _____
                                       §
KROGER TEXAS, L.P. AND                 §
TERRANCE JOHNSON                       §
                                       §
              Defendants.              §

## AFFIDAVIT OF MICHAEL MARINO

1. My name is Michael Marino. I am over the age of eighteen (18) years, and am fully capable of making this affidavit.

2. The facts stated in this affidavit are within my personal knowledge, and they are true and correct.

3. I am employed by Kroger Texas L.P. as the Total Rewards & Associate Relations Manager.

4. Angela Moreno was employed by Kroger Texas L.P. at store number 179 located at 20355 Cypresswood Drive, Cypress, Texas 77433.

5. No individual by the name of Terrance Gerard Johnson was ever employed by Kroger Texas L.P. at store number 179 located at 20355 Cypresswood Drive, Cypress, Texas 77433.

6. Kroger Texas L.P. is a limited partnership formed in the state of Ohio. The general partner is KRGP Inc., an Ohio corporation with its principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202. The limited partner is KRLP Inc., an Ohio corporation with its principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202.

Further Affiant sayeth not.

_____
Michael Marino

STATE OF TEXAS                          §
                                        §
COUNTY OF MONTGOMERY                     §

    BEFORE ME, the undersigned notary public, on this day personally appeared Michael Marino, who being by me duly sworn, on his oath, deposed and said that he has read the above and foregoing affidavit; and that every statement contained therein is true and correct and within his personal knowledge.

    SWORN TO AND SUBSCRIBED before me on the ____4TH____ day of January 2018.

                                        _____
                                        Notary Public, State of Texas
                                        Notary's printed name:

                                        JINNIFER RIVAS

My commission expires:

08-18-2019

JINNIFER RIVAS
OFFICIAL NOTARY PUBLIC
COMMISSION EXPIRES
08-18-2019

- 2 -

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA MORENO | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| KROGER TEXAS, L.P. AND | § | |
| TERRANCE JOHNSON | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT'S CERTIFICATE OF INTERESTED PARTIES**

Pursuant to Local Rule 81, Defendant Kroger Texas L.P. files its Certificate of Interested parties and provides this list of all persons, associations of persons, firms, partnerships, corporations, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case.

1.    Angela Moreno, Plaintiff;

2.    Ahmad G. Azam, Counsel for Plaintiff;

3.    Joseph Ward, Counsel for Plaintiff;

4.    Robert J. Filteau, Counsel for Plaintiff;

5.    John A. Sullivan, III, Counsel for Plaintiff;

6.    Kroger Texas, L.P., Defendant;

7.    David L. Barron, Counsel for Defendant Kroger Texas, L.P.;

8.    Nandini Kavuri, Counsel for Defendant Kroger Texas, L.P.; and,

9.    Terrance Johnson, Defendant.

*/s/ David L. Barron*
By:  David L. Barron
      Texas Bar No. 00798051
      Southern District of Texas Bar No. 21117
      dbarron@cozen.com
      Nandini Kavuri
      Texas Bar No. 24086821
      Southern District of Texas Bar No. 2516207
      nkavuri@cozen.com
      COZEN O'CONNOR, P.C.
      1221 McKinney, Suite 2900
      Houston, Texas  77010
      Telephone:  (713) 750-3132
      Facsimile:  (832) 214-3905

**COUNSEL FOR DEFENDANT KROGER TEXAS, L.P.**

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via ECF on this 5th day of January 2018 to all parties and/or counsel of record as follows:

Ahmad G. Azam
State Bar No. 24071775
Fed. I.D. No. 2147846
Joseph Ward
State Bar No. 24090460
AZAM, WARD & SULLIVAN, PLLC
9894 Bissonnet Street, Suite 905
Houston, Texas 77036
Telephone: (713) 325-3221
Facsimile: (281) 980-0911

Robert J. Filteau
State Bar No. 06997300
Fed. I.D. No. 3540
John A. Sullivan, III
State Bar No. 19483500
THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD, LLP
9894 Bissonnet Street, Suite 865
Houston, Texas 77036
Telephone: (713) 236-1400
Facsimile: (713) 236-1706

**COUNSEL FOR PLAINTIFF ANGELA MORENO**

Terrance Gerrard Johnson
9505 Ashville Drive
Houston, Texas 77051
Telephone: (713) 748-8058

**PRO SE DEFENDANT**

*/s/ David L. Barron*
David L. Barron

3